## Quinn *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—Bridges—Evidence—Harmless error—Infant—Parent—Contributory negligence.*

1. In an action of trespass brought by a mother, and her infant daughter, to recover damages for personal injuries sustained by the infant in consequence of a fall caused by defects in the railing of a foot bridge against which the child had leaned, where it appeared that the bridge was within the city limits and connected two city streets; that it had been used by the public for more than twelve years and that it had been rebuilt by the city shortly after the accident, the admission of testimony that certain work upon

and about the bridge had been done by workmen in white uniforms, who were described by the witness as "white wings," in order to show control of the bridge by the city was not ground for reversal where there was other evidence to establish a prima facia case for the plaintiff and this evidence was not contradicted by the defendant.

. 2. The court made no error in such case in refusing to instruct the jury that the mother was guilty of contributory negligence in permitting the child to cross the bridge, where it appeared that the child had been sent on an errand by the mother in the performance of which the accident happened; that the mother stated that though she had known that the floor of the bridge was in need of repair, she had observed nothing with respect to the railing and where there was nothing in the case to bring home to the knowledge of the mother the defect which caused the accident.

*Damages—Items of damage—Parent and child—Loss of companionship—Charge to jury.* ·

3. The right to recover for loss of companionship is confined to cases where a husband sues for injuries to his wife; the law does not recognize loss of companionship as an element of damage in any other relation.

Argued Nov. 4, 1913.  Appeals, Nos. 250 and 251, Oct. T., 1913, by defendant, from judgments of C. P. Allegheny Co., March T., 1911, No. 727, on separate verdicts for plaintiffs in case of Cora T. Quinn, a minor, by her mother and next friend, Margaret T. Quinn, and Margaret T. Quinn in her own right, v. City of Pittsburgh. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.  Affirmed in No. 250; reversed in No. 251.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts appear in the opinion of the Supreme Court.

. Verdict for Cora T. Quinn for $5,000, and for Margaret T. Quinn in her own right for $887.55, and judgment thereon.  Defendant appealed.

*Errors assigned* are explained in the opinion of the Supreme Court.

*Harry Diamond,* with him *Charles A. O'Brien,* for appellant.

*Ernest C. Irwin,* with him *T. Chalmers Duff,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914: .

These two cases, one for a recovery of damages by a minor child through a next of kin, and one by the mother of the child in her own right, were tried as one, but are to be separately considered in view of the assignments of error. Cora T. Quinn, a young girl ten years of age in walking across a foot bridge in the City of Pittsburgh. about eighty feet in length, stopped to speak to an acquaintance whom she met. While thus engaged she leaned against the wooden railing of the bridge. The railing gave way, with the result that she fell from the bridge a distance of from twelve to fourteen feet and was seriously injured. The negligence charged was failure on the part of the city to keep the foot bridge in reasonable repair. Separate verdicts were rendered in favor of the respective plaintiffs. The errors assigned, common to both cases, are, first, admission of certain evidence, and second, refusal to direct verdicts for the defendant. The evidence objected to is that which was offered with a view to establish the city's responsibility in connection with the maintenance of the bridge. It was in evidence that the foot bridge was within the city limits; that it connected two of the city streets, Franklin and Chartiers; that it had been used by the public in going from Chartiers, where the plaintiffs resided, to McKees Rocks, for a dozen years or more, and that it had been rebuilt by the city within a few months after the accident happened. The particular evidence which is the subject of the assignment is the testimony offered and admitted to the effect, that before the accident certain work upon and about the bridge had been done by workmen described by the witness as "white wings."

The objection urged was that it did not follow, because of this designation, that these workmen were in the employment of the city. In view of the other evidence in the case to which we have referred, and the unquestionable sufficiency of that evidence in itself to establish a prima facie case for the plaintiffs on the point raised, and in view of the further fact that against this prima facie case appellant offered nothing, any discussion of the assignment would be most unprofitable. It is overruled.

In what we have said as to the first assignment we have made sufficient answer to the second, for this latter rests on nothing but alleged insufficiency of the evidence to establish responsibility in the city for the repair of the bridge.

The third assignment has regard to the claim made by the mother, (Appeal, No. 251, October Term, 1913) and complains of the court's refusal to give binding instructions for the defendant on the ground of the mother's contributory negligence in permitting the little girl to attempt to cross the bridge. The child had been sent on an errand by the mother, and it was while so engaged that the accident happened. The mother's testimony was that while she had known that the floor of the bridge was in need of repair, she had observed nothing with respect to the railing. There was nothing in the case to bring home to her knowledge of the defect which caused the accident. This assignment is overruled.

The last assignment discloses technical error. In instructing the jury as to the items of damage to be considered, the learned trial judge charged as follows:

"She (the mother) is entitled to them (services) for that period between the age of the child at the date of the injury and twenty-one years to recover any loss which she may sustain because of an injured earning power on the part of the child,—you have a right to consider in passing upon that question the duties which the child would perform about the household, the assistance

which she would give to her mother, the companionship which she would give her mother, because all these are included in a general term which we designate as 'earning powers.'"

The right to recover for loss of companionship is confined to cases where a husband sues for injuries to his wife. The law does not recognize loss of companionship as an element of damage in any other relation. The verdict rendered in favor of the mother was for $887.55. It is impossible to know how much, if any, of this sum was allowed for loss of companionship. It is enough to know that the jury was instructed to consider it as an element in determining what compensation to give for loss of earning power. This was error, and calls for a reversal. The judgment in favor of Cora T. Quinn in No. 250, October Term, 1913, is affirmed. The judgment in favor of Margaret T. Quinn, No. 251, October Term, 1913, is reversed with a venire facias de novo.