**Donald Benjamin VAN STEENBURGH and Martha Ann Mincer and Megan Dale Van Steenburgh, Plaintiffs,**

**v.**

**Harold SCLAR and Elizabeth Potter, Defendants.**

**Civ. No. 87–0575.**

United States District Court, M.D. Pennsylvania.

July 17, 1987.

---

12. Schneider did not even allege a contract between it and Gateway and has not responded to Gateway's motion.

William J. Gallagher and Randall C. Schauer, MacElree, Harvey, Gallagher & Featherman, Ltd., Randall C. Schauer, West Chester, Pa., for plaintiffs.

Frank J. Lavery, Jr., Marshall Dennehey Warner Coleman & Goggin, Harrisburg, Pa., for defendants.

Randall C. Schauer, West Chester, Pa., for third-party defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs filed a Complaint on April 20, 1987 alleging that defendants were negligent in allowing an Akitz hound to attack and bite the minor plaintiff. In Count IV of their Compaint entitled "A Loss of Consortium", plaintiffs aver that the plaintiff parents have suffered the loss of companionship, consortium, and natural family love and affection of their daughter, the minor plaintiff, for the times the minor plaintiff has spent in hospitals undergoing surgery and/or treatments. Defendants filed a Motion to Dismiss Count IV of the Complaint. This motion has been briefed and is ripe for disposition. For the reasons set forth below, defendants' Motion to Dismiss Count IV of the Complaint will be granted.

## DISCUSSION

The issue to be decided in this motion is whether the plaintiff parents are entitled to recover for loss of companionship, consortium and natural family love and affection

of their daughter, the minor plaintiff. In a recent annotation it was recognized:

> Historically, most jurisdictions which addressed the question whether the parents of a negligently injured child could recover damages for loss of that child's consortium have declined to recognize such a right of recovery (§ 3). However, an increasing number of courts have recently held or recognized that such losses are recoverable (§ 4[a]), and a few jurisdictions have recognized a cause of action by virtue of statute (§ 4[b]) or by state rules of civil procedure (§ 4[c]).

Annot., 54 A.L.R. 4th 112, 116 (1987). In *Quinn v. Pittsburgh*, 243 Pa. 521, 90 A. 353 (1914) the Pennsylvania Supreme Court ruled that it was error to permit a jury to consider the companionship which the injured minor plaintiff would give to her mother in assessing damages. *Id.* at 525, 90 A. 353. In so doing, the court stated, "[t]he right to recover for loss of companionship is confined to cases where a husband sues for injuries to his wife. The law does not recognize loss of companionship as an element of damage in any other relation." *Id.*

Although the loss of consortium theory has been extended so that such a claim may be maintained by a wife for her husband's injuries, *see Hopkins v. Blanco*, 457 Pa. 90, 320 A.2d 139 (1974), the Pennsylvania Supreme Court has not extended the loss of consortium theory to the parent/child relationship. Indeed, as stated, the court in *Quinn v. Pittsburgh, supra,* refused to allow recovery for loss of companionship by a parent for her child's injuries. *See also Lobianco v. Valley Forge Military Academy*, 224 F.Supp. 395, 397 (E.D.Pa.1963), *aff'd*, 331 F.2d 851 (3d Cir. 1964)[1] (parents are entitled to damages for medical expenses they have incurred and will incur as a result of son's injuries and also for loss of his services during his minority; there can be no recovery for loss of companionship *citing Quinn v. Pittsburgh, supra*).

---

1. In affirming the district court, our Court of Appeals found it unnecessary to rule on the loss of consortium claim.

Although the court is aware of contrary views in other jurisdictions, *see e.g.,* Annot., 54 A.L.R.4th 112, *supra,* as a court sitting in diversity this court is bound to apply the law of the forum. Recently, in *Steiner v. Bell Tel. Co.,* 358 Pa.Super. 505, 517 A.2d 1348 (1986), in denying the child's right to recover for loss of parental consortium when the parent is injured by a third party tortfeasor, the Superior Court of Pennsylvania, *citing Quinn v. Pittsburgh, supra,* stated "[a] parent can recover only pecuniary losses, such as loss of services and medical expenses, for injury to his child.... It would be anomalous to allow children to recover for a loss to the parent/child relationship which the parent cannot recover." *Id.* 517 A.2d at 1353. *See also Sinn v. Burd,* 486 Pa. 146, 151 n. 3, 404 A.2d 672 (1979) (measure of damages for death of a minor consists of funeral and medical expenses plus total earnings minor would have earned up to the age of twenty-one (21) minus costs of maintaining child during this period). Thus, Pennsylvania courts continue to recognize that a parent does not have a right to recover for his child's loss of consortium. *See DeLoach v. Companhia de Navegacao Lloyd Brasileiro,* 782 F.2d 438 (3d Cir.1986) (while arguments on both sides have merit, unquestionably as the common law now stands the overwhelming majority of states have declined to allow recovery by children for the loss of companionship caused by negligent injury to their parents). *Cf. Lasky v. Continental Prods. Corp.,* No. 82–3415, slip op. (E.D.Pa. Mar. 27, 1987) [Available on WESTLAW, 1987 WL 8539] (finding rationale in *Steiner* unpersuasive and questioning whether the *Steiner* decision would apply in a case where although the parent remains alive, the loss of the parent's companionship is complete; these issues were not fully addressed in this case).

Consequently, the court finds that in applying Pennsylvania law as it now stands the plaintiff parents are not entitled to bring a loss of consortium claim against defendants for injuries to the minor plaintiff. While reasons for a contrary result may exist, this court, in a diversity action, is required to follow the law as established by the Pennsylvania courts or legislature.

An appropriate Order will enter.