557 A.2d 48

Brian Brower, by his parents and natural guardians, Wilbur and Helen Brower, in their own right and Brian Brower, in his own right, Appellants *v.* City of Philadelphia, Fairmont Park Commission, The Korman Corporation, Inc., and The Rushwood Apartments, Knights Deli, Inc., Raymond E. Reynolds et al., Appellees.

Argued March 7, 1989, before President Judge CRUMLISH, JR., Judge MCGINLEY (P.), and Senior Judge NARICK, sitting as a panel of three.

*Myles Glasgow, Baratta & Fenerty, LTD.*, for appellants.

*Robert M. McKain, Boroff, Harris & Heller, P.C.*, for Knights Deli, Inc., Appellee.

*Angelo Scaricamazza,* with him, *George W. Overton, Naulty, Scaricamazza & McDevitt,* for Korman Corporation and The Rushwood Apartments, Appellees.

OPINION BY SENIOR JUDGE NARICK, April 5, 1989:

Brian Brower (Brian) and Wilbur and Helen Brower, his parents, collectively referred to as Appellants, appeal from an order of the Court of Common Pleas, which granted Knights Deli, Inc.'s (Knights Deli's) motion for partial summary judgment as to Count II of Appellants', Plaintiffs' below, amended complaint. We affirm.

The facts are as follows. On October 17, 1980, Raymond E. Reynolds (Reynolds), then a minor of seventeen years of age, purchased beer from Knights Deli. Reynolds left Knights Deli and went to an area known as "the Woods," to drink the beer. The Woods, owned and maintained by the City of Philadelphia and the Fairmont Park Commission, was a center for teenage drinking, illegal drug use, illicit sexual activity and violence. Reynolds became involved in a disturbance which ended in his firing several rifle shots indiscriminately into a crowd. Brian allegedly had been an invited guest at a party at the Rushwood Apartments located next to the Woods. When

Brian left Rushwood Apartments, he was struck by one of Reynolds' rifle shots, rendering him a quadraplegic.

Count I of the amended complaint alleged that Knights Deli's sale of beer to Reynolds was "in direct contravention of the laws of the Commonwealth of Pennsylvania." (Amended Complaint, Paragraph 17(p).)[1]

Count II of Appellants' amended complaint is a claim asserted against Knights Deli by Brian's parents for: (1) past and future medical expenses; (2) loss of their son's services; and (3) the loss of their son's comfort, society and companionship. Knights Deli filed an answer and new matter to the amended complaint specifically denying liability for any of Reynolds' actions.

At the October 2, 1987 oral argument upon the motion for summary judgment, it was determined via interrogation by counsel, that Brian's date of birth was December 20, 1960, and that he was approximately 19 years and 10 months of age at the time of the shooting. Knights Deli made three arguments: 1) that Brian's parents were not entitled to recover on their own behalf for the past and future medical expenses since Brian was no longer a minor; 2) that Brian's parents were not entitled on their own behalf to recover for loss of services because Brian was an adult at the time of the injury; and 3) that Brian's parents' claim for loss of their son's comfort, society and companionship also failed to state a cause of action upon which relief could be granted since Pennsylvania does not recognize the cause of action for loss of filial consortium.

The trial court granted Knights Deli's motion for summary judgment as to Count II of Appellants' amended complaint. This appeal followed.

---

[1] Knights Deli's motion for summary judgment as to Count I of the amended complaint was denied by the trial court and is not before us for review.

Our scope of review when considering a trial court's grant of summary judgment is as follows:

> It is well-established that we can sustain a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *The record must be examined in the light most favorable to the nonmoving party.* The court must accept as true all well-pleaded facts in the plaintiff's . . . pleadings, giving the plaintiff . . . the benefit of all reasonable inferences to be drawn therefrom. Finally, a summary judgment should be granted only when the case is clear and free from doubt. Moreover, in passing upon a motion for summary judgment, *it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried* and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. (Emphasis in original; citations omitted.)

*Muncy Area School District v. Gardner*, 91 Pa. Commonwealth Ct. 406, 409-10, 497 A.2d 683, 685-86 (1985) *citing Bollinger v. Palmerton Area Communities Endeavor, Inc.*, 241 Pa. Superior Ct. 341, 350, 361 A.2d 676, 680 (1976).

The initial argument by Brian's parents is that the trial court erred in holding that they failed to state a claim upon which relief could be granted for past and future medical expenses of Brian and for the loss of Brian's services, because Brian was a "minor" at the time of the injury.

It is well-settled in Pennsylvania, that personal injury to a "minor" gives rise to two separate and distinct causes of action, one the parents' claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority. *Olivieri v. Adams*, 280 F. Supp. 428 (E.D. Pa. 1986); *Mersel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962).

Brian's parents argue that Brian was not an adult because Pennsylvania law provides for recovery by a minor's parents for loss of services and for past and future medical expenses until the minor reaches the age of twenty-one, relying on the 1914 case of *Quinn v. City of Pittsburgh*, 243 Pa. 521, 90 A. 353 (1914). *Quinn* held that a parent is entitled to recover damages for the lost value of an injured child's services measured from the date of the injury to the child's twenty-first birthday. These losses include medical expenses and loss of wages. *Steiner by Steiner v. Bell Telephone Co.*, 358 Pa. Superior Ct. 505, 517 A.2d 1348 (1986) *aff'd*, 518 Pa. 57, 540 A.2d 266 (1988).

Knights Deli argues that the claim for past and future medical expenses and loss of services were incurred *after* Brian had reached the age of majority, and are therefore, a part of Brian's claim and should not be awarded to the parents. We agree.

Pennsylvania Rules of Civil Procedure No. 76 provides in pertinent part the following definitions:

Rule 76. Definitions.

The following words and phrases when used in any rule promulgated by the Supreme Court under the authority of Article V, Section 10(c) of the constitution of 1968, or any Act of Assembly, shall have the following meanings, respectively, unless the context clearly indicates otherwise or the particular word or phrase is expressly defined

in the chapter in which the particular rule is included:

\* \* \* \*

'adult,' an individual eighteen years of age or over;

\* \* \* \*

'majority,' when used in reference to age, means of the age of eighteen years or over;

'minor,' an individual under the age of eighteen years;

\* \* \* \*

The Historical Note following Rule 76 states that the "1972 amendment changed the age in the definitions of 'adult,' 'majority,' and 'minor' from twenty-one to eighteen." Thus, it is clear that from 1972 on, persons over the age of eighteen years are to be considered adults for the purposes of being a party to an action brought by or against them under the Pennsylvania Rules of Civil Procedure. Since the record reveals that Brian was over eighteen years of age at the time of the accident, Brian's parents' argument that they are entitled to damages for Brian's past and future medical expenses and loss of services fails.

Brian's parents next argue that the trial court erroneously held that they failed to state a claim upon which relief can be granted for the loss of their son's comfort, society and companionship, because Pennsylvania should recognize a cause of action for loss of filial consortium.

Appellants urge this Court to abandon the common law rule laid down in *Quinn* and its progeny, and join the ranks of other "forward looking jurisdictions" and thus, allow their claim for loss of their son's comfort, society and companionship.[2]

---

[2] States recognizing a cause of action by judicial decision for loss of consortium of a minor child *negligently* injured by a third party

*Quinn* held that a parent could not recover for the loss of a child's consortium and stated "the right to recover for loss of companionship is confined to cases where a husband sues for injuries to his wife. The law does not recognize loss of companionship as an element of damage in any other relation." *Quinn*, 243 Pa. at 525, 90 A. at 354. Although, the Supreme Court extended this cause of action in *Hopkins v. Blanco*, 457 Pa. 90, 320 A.2d 129 (1974), to allow a woman to sue for the loss of consortium of her husband, this theory has not been extended to the parent/child relationship.

Appellants cite Judge DiBona's opinion in *Lavell v. Frankford Hospital*, 9 Phila. 263 (1983), in an attempt to persuade this Court to ignore *Quinn's* holding in regard to filial consortium. *Lavell* begins its analysis with *Pennsylvania Railroad v. Zebe*, 33 Pa. 318 (1859), which stated that parents of injured children have a right to recover for loss of their services. However, Judge DiBona reasons that since times have changed since 1859, due to compulsory education and child labor laws, which have reduced the ability for a child to financially contribute to a family, that it would be more appropriate to allow for loss of filial consortium, recognizing the intrinsic benefits of joy, companionship and affection which a healthy child can provide as the Supreme Court discussed in *Mason v. Western Pennsylvania Hospital*, 499 Pa. 484, 453 A.2d 974 (1982) (a case seeking recovery for financial and

---

include Arizona, *Frank v. Superior Court of the State of Arizona*, 150 Ariz. 228, 722 P.2d 955 (1986); Florida, *Yordon v. Savage*, 279 So.2d 844 (1973); Illinois, *Dymek v. Nyquist*, 128 Ill. App.3d 859, 469 N.E.2d 659 (1984); Ohio, *Norvell v. Cuyahoga County Hospital*, 11 Ohio App.3d 70, 463 N.E.2d 111 (App. 1983); and Wisconsin, *Shockley v. Prier*, 66 Wisc.2d 394, 225 N.W.2d 495 (1975). Three states provide for the cause of action by statute. Idaho Code §5-310 (Supp. 1976); Iowa Code Ann. Rule Civ. Proc. 8 (Supp. 1976); and Wash. Rev. Code Ann. §4.24.010 (Supp. 1975).

emotional costs of raising a healthy child who was born after a negligent performance of a sterilization operation).

Knights Deli argues that it is not for the Court to create a new theory of law and relies upon the rationale in *Steiner* which states that:

> The legislature is also the more appropriate branch of government to establish the suggested new cause of action because then, if it is determined that some recovery should be allowed but that the benefits of unlimited recovery is [sic] out-weighed by the cost to society, the legislature can establish a rule of law allowing partial recovery under circumstances and upon conditions which the people's representatives have established to be fairest and most beneficial to all.

*Steiner,* 358 Pa. Superior Ct. at 521, 417 A.2d at 1356-67.

Most states have refused to allow a claim for loss of filial consortium.[3] These jurisdictions have assessed the policy considerations present in a claim for loss of filial consortium such as the intangible character of the loss, which can never really be compensated by money damages; the difficulty of assessing damages; the dangers of double recovery of multiple claims; and of extensive

---

[3] The following decisions deny recovery: *Smith v. Richardson,* 277 Ala. 389, 171 So.2d 96 (1965); *Foy v. Greenblott,* 141 Cal. App. 3d 1, 190 Cal. Rptr. 84 (1983); *Norman v. Massachusetts Bay Transportation Authority,* 403 Mass. 303, 529 N.E.2d 139 (1988); *Sizemore v. Bruce K. Smock & Peter Alumbaugh, Inc.,* 402 Mich. 283, 422 N.W.2d 666 (1988); *Butler v. Chrestman,* 264 So.2d 812 (Miss. 1972); *Siciliano v. Capitol City Shows, Inc.,* 124 N.H. 719, 475 A.2d 19 (1984); *Brennan v. Biber,* 93 N.J. Super. 351, 225 A.2d 742 (1966); *Fe National Bank v. Armstrong,* 100 N.M. 227, 668 P. 2d 1104 (1983); *Gilbert v. Stanton Brewery,* 295 N. Y. 270, 67 N.E.2d 155 (1946); *Michigan Sanitarium & Benevolent Ass'n v. Neal,* 194 N.C. 401, 139 S.E. 841 (1927); *McGarr v. National & Providence Worsted Mills,* 24 R.I. 44, 553 A. 320 (1902); and *Hughes Drilling Fluids, Inc. v. Eubanks,* 729 S.W.2d 759 (Tex. App. Ct. 1986).

liability, *Baxter v. The Superior Court of Los Angeles County*, 19 Cal.3d 461, 563 P.2d 871, 138 Cal. Rptr. 315 (1977), and have denied recovery.

Although Judge DiBona's opinion in *Lavell*, is not without merit, we believe that even if we were to create a new cause of action in Pennsylvania for loss of filial consortium, such cause of action would not be applicable here, because Brian is an adult. Of the states which permit claims for loss of filial consortium of a minor child, only Arizona, in *Frank*, expanded the cause of action to permit a claim for loss of filial consortium of an adult, as is Brian.

Also, the states which permit the claim for loss of a minor's consortium do so in the context where the minor is *negligently* injured by a third party. Reynolds' actions cannot be considered negligent. To impose liability for a claim of lost filial consortium upon Knights Deli for Reynolds' actions is beyond the confines of a claim for loss of filial consortium even in the jurisdictions which allow such cause of action.

Accordingly, we affirm the trial court's granting of Knights Deli's motion for summary judgment as to Count II of the amended complaint.

ORDER

AND NOW, this 5th day of April, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.