### Benjamin v. Cox

*Raymond A. Pagliari,* for plaintiffs.
*Sean J. McLaughlin,* for defendants.

BOZZA, *J.,* August 30, 1989 — This matter comes before the court on a preliminary objection raised by defendants Gary Cox and Earl Nunemaker in the nature of a demurrer, as well as a petition for partial discontinuance filed by plaintiffs Richard and Linda Benjamin.

On October 16, 1988, Alan Benjamin, the minor son of the plaintiffs, was involved in an automobile accident on a secondary highway in Erie County. As a result of this occurrence, Alan Benjamin incurred severe and substantial personal injuries and, in this regard, there is no apparent dispute between the parties.

On March 30, 1989, Richard and Linda Benjamin in their individual capacities and as parents and natural guardians of Alan Benjamin instituted a three-count complaint against defendants, Gary Cox and Earl Nunemaker. In counts I and II they allege negligence on the part of defendants and request damages for the personal injuries suffered by Alan Benjamin. Count III, however, recites facts in support of a claim in favor of Linda and Richard Benjamin for the loss of care, companionship, and consortium of their son Alan.

On April 24, 1989, defendants filed a preliminary

objection to the complaint in the nature of a demur-· rer to the cause of action based· on loss of consortium. It is defendant's position that Pennsylvania law does not recognize a cause of action for parental loss of consortium and that count III of the complaint should be dismissed with prejudice.

On May 30, 1989, in response to defendants' preliminary objections, plaintiffs filed a petition which seeks leave of court to discontinue its claim for parental loss of consortium without prejudice. Plaintiffs argue that notwithstanding defendants' previously filed preliminary objection, they are entitled to discontinue their consortium claim without detriment to its reassertion at a later and perhaps more legally opportune time.

With regard to plaintiffs' demurrer, the law in Pennsylvania is settled that parents may not recover damages for the loss of the society and companionship of an injured or deceased child. *Schroeder v. Ear, Nose and Throat Associates,* 383 Pa. Super. 440, 557 A.2d 21 (1989); *Neuberg v. Bobowicz,* 401 Pa. 146, 148, 162 A.2d 662, 663 (1960); *Quinn v. Pittsburgh,* 243 Pa. 521, 525, 90 Atl. 353, 354 (1914). In *Schroeder* the injured party was a fetus whose gestation was terminated as a result of the mother's medical treatment. Parents of the fetus sought, in pertinent part, damages for the loss of services, society and companionship of the unborn child. In rejecting ·the parents' claim, the court noted that the loss of consortium of a child had never been recognized as a valid derivative cause of action in Pennsylvania. In reaching its decision, the court relied in large measure on its previous decision in *Steiner by Steiner v. Bell Telephone of Pennsylvania,* 358 Pa. Super. 505, 517 A.2d 1348 (1986), where the court held that a child could not

recover for the loss of parental consortium, definitively stated its position as follows:

"We conclude that because there is no constitutional mandate compelling us to recognize a cause of action for loss of parental consortium, because there is presently no legal basis for allowing the cause of action, because there is no general or growing consensus that such a cause of action should be established, and because to allow such a cause of action is a policy determination which can most thoroughly and representatively be considered and resolved by the legislature, we do not recognize a child's cause of action for loss of parental consortium due to tortious interference of a third party." *Steiner* at 522, 517 A.2d at 1357.

Given the explicit character of the appellate court's position with regard to consortium claims brought either by parent or child, there can be no serious doubt as to the present character of Pennsylvania law, and while the court is aware of contrary positions in a number of other jurisdictions, in the absence of a legislative mandate the case law of this commonwealth is dispositive. In short, Gary Cox and Earl Nunemaker are entitled to have their demurrer to count III of the Benjamins' complaint sustained.

A somewhat less straightforward issue is raised by plaintiffs' "petition to discontinue action in part," offered pursuant to Pa.R.C.P. 229, which provides for discontinuance as the exclusive means of voluntarily terminating a claim prior to trial. The question that is presented here is whether allowance of a voluntary discontinuance is proper when presented following (and ostensibly in response to) an opposing parties' meritorious demurrer. Section (c) of rule 229 provides some guidance in that regard as it gives the court the discretion to reject a discontinuance "in order to protect the rights of any party from unrea-

sonable inconvenience, vexation, harassment, expense or prejudice." Pa.R.C.P. 229(c). In this case plaintiffs, after ascertaining the nature of the current state of applicable law, understandably wished to avoid a final and adverse determination of their claim for loss of the consortium of their child. Under these circumstances and in light of the provisions of rule 229(c), it is necessary to consider the consequences of the limited discontinuance they request.

Defendants have presented a meritorious demurrer necessitated by a claim obviously inconsistent with Pennsylvania case law. If defendants had not responded by filing an appropriate preliminary objection and expended the required time and resources to do so, the long-term interests of their clients may have been jeopardized as plaintiffs' claim would have gone forward with uncertainty as to the manner in which it would ultimately be resolved. If plaintiffs' request for discontinuance is granted, defendants, who properly proceeded, would be denied the justifable fruit of their labor. They would, in effect, have been required to incur unnecessary expense and inconvenience.

Perhaps most significantly, however, is that as a consequence of granting plaintiffs' request, defendants would be denied the final resolution of a claim for damages. In *Nichols v. Horn,* 363 Pa. Super. 301, 525 A.2d 1242 (1987), the court noted the inherently prejudicial effect of this circumstance. While in *Nichols* the plaintiff sought the benefit of a change in the statute of limitations rather than a hoped-for change in the state of substantive tort law, the court's rationale in striking the entry of a voluntary discontinuance without prejudice is instructive. In essence, the Superior Court concluded that it would be manifestly unfair to require a defendant to be subjected to the prospect of indef-

inite future litigation when the party is entitled to an immediate and favorable resolution which would finally determine a disputed claim. *Nichols, supra.* Here the consequence of a voluntary discontinuance would be qualitatively the same.

It is also important to note that this is not a case where the substantive law in question is in a state of flux or its character uncertain; nor is there significant indication that an imminent change in the law in a manner favorable to plaintiffs is forthcoming. Moreover, if defendants had not chosen to take advantage of the applicable law by exercise of a demurrer and plaintiffs had spontaneously changed their minds about asserting a consortium claim, the result may have been different.

From the circumstances presented by this case, it is apparent that having prompted defendants to act, plaintiffs recognized the invalidity of their cause of action and with the blind hope that the law would change within the statutory period applicable to a minor, attempted to avoid a final and adverse determination by voluntarily discontinuing their action. Allowing such a maneuver would be inconsistent with the law's very clear preference for the expedient, fair and final resolution of disputes and would cause defendants unreasonable inconvenience, expense and prejudice.

## ORDER

And now, August 30, 1989, it is hereby ordered, adjudged and decreed that defendant's preliminary objection in the nature of a demurrer to count III of plaintiffs' complaint is sustained and count III is dismissed with prejudice.

Further, plaintiffs' petition to discontinue action in part without prejudice is denied.