620 A.2d 613

**Frances C. NOLL, in her own right, and Michelle Noll and Edward Michael Noll, Minors, by Frances C. Noll, Parent and Natural Guardian, Appellants,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1992.

Decided Jan. 21, 1993.

58

Alan M. Lieberman, for appellants.

David A. Soltz, Sr. Deputy City Sol., Claims Div. and Michael F. Eichert, Divisional Deputy for Appeals, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

KELLEY, Judge.

This is an appeal from a decision of the Court of Common Pleas of Philadelphia County (trial court) denying the claims of Michelle Noll and Edward Michael Noll (children) for loss of consortium resulting from personal injuries sustained by their mother, Frances C. Noll (Noll).

On November 12, 1985, Noll filed suit against the City of Philadelphia (City) for serious personal injuries suffered in an automobile accident in which the car she was operating collided with a police van. Noll also brought suit on behalf of her two children to recover loss of consortium resulting from the injuries Noll suffered in the accident.

Noll subsequently settled her case with the City. On that same day, the trial court dismissed the children's loss of consortium claim on the basis that no cause of action for loss of parental consortium is recognized in Pennsylvania.

This appeal reviews the trial court's dismissal under the particular facts of this case and the law of this Commonwealth. In Pennsylvania, the right to enter claims for loss of consortium have, consistent with the seminal case of *Quinn v. Pittsburgh*, 243 Pa. 521, 90 A. 353 (1914), been limited to spouses.

Most recently in *Steiner by Steiner v. Bell Telephone Co.*, 358 Pa.Superior Ct. 505, 517 A.2d 1348 (1986), *aff'd*, 518 Pa. 57, 540 A.2d 266 (1988), our Supreme Court affirmed the Superior Court's decision which refused to recognize a cause of action by a child for loss of parental consortium when the parent was injured by a third-party tort-feasor's negligence.

Counsel argues that Noll's condition is such that she is totally incapacitated and unable to render any aspects of parental, maternal qualities to the children.

Despite the precedential effect of *Steiner*, we are urged to create a cause of action for loss of parental consortium because of the severe and permanent nature of the injuries suffered by Noll. This we cannot do.

Counsel is asking this court to conclude that one who lives, with total limitations, is tantamount to being deceased.

It is in the interest of society that clear delineations be recognized between life and death. So long as there is a breathing lung and a beating heart, Noll lives "medically". We must conclude therefore that Noll lives legally. Noll lives, and this court will not therefore attribute any rights derivative from her limited condition as though she were deceased.

We conclude that the *Steiner* decision is controlling in the present case.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, this 21st day of January, 1993, the order of the Court of Common Pleas of Philadelphia County, dated January 29, 1992, at No. 1422, is affirmed.

SMITH and PELLEGRINI, JJ., concur in the result only.