637 A.2d 322

**MOLAG, INC.**

v.

**CLIMAX MOLYBDENUM COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 15, 1993.

Filed Feb. 7, 1994.

570

Kenneth Ficerai, Greensburg, for appellant.

David B. Buerger, Pittsburgh, for appellee.

Before DEL SOLE, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellant, Climax Molybdenum Company (Climax), appeals from the judgment entered after denial of its motion for post-trial relief following a nonjury trial in which a verdict was entered in favor of appellee, Molag, Inc., in the amount of $397,150.

The parties originally entered into a mining lease on December 6, 1982 for Molag to remove slag from Climax's premises. Through the years, several addenda were entered into with the final contract for three years being signed December 1, 1990. In May 1991, Molag removed 113 tons of

slag from a pile appellant claims was outside the permitted mining area. Accordingly, appellant exercised its right under the contract to terminate the lease. Appellee filed a successful suit for breach of contract which resulted in the judgment now being appealed.

Appellant argues Molag breached the mining lease by removing slag from an area outside of the area delineated in the lease. Specifically, Climax contends Molag removed "uncrushed" slag when the lease only permitted the removal of "crushed" slag and in support of this argument, introduced into evidence a map which allegedly designated the permissible area for Molag to remove slag. This map was used in conjunction with the lease to obtain a Pennsylvania Department of Environmental Resources (DER) mining permit, which was required to remove the slag. Therefore, by going outside the permitted area, appellant contends appellee breached the lease.

The trial court found both the map and contract ambiguous. The map contained no directions, legend, metes, bounds or landmarks which clearly defined the alleged designated area. Furthermore, the contract permitted the removal of "slag" and did not specify "crushed" or "uncrushed."

When interpreting a contract, the trial court must determine the intention of the parties. Where an ambiguity exists, the courts are free to construe the terms against the drafter and to consider extrinsic evidence in so doing. *Raiken v. Mellon*, 399 Pa.Super. 192, 582 A.2d 11 (1990). In the instant case, the lease is not entirely clear on its face. The term "slag" is neither defined nor limited to "crushed" slag, and the map does not specifically delineate the permissible mining areas. As such, the trial court was free to consider other evidence and construe the document against the drafter, Climax. In so doing, the court also considered the fact the appellant's plant manager witnessed the removal of the slag and made no effort to halt or question the slag in question. Also, uncrushed slag had been previously removed with the consent of appellant. Accordingly, the trial court found appel-

lee did not breach the lease. Upon review, we cannot disagree and we find the lease construction as interpreted by the trial court entirely reasonable under the circumstances.

■ Climax also claims the removal of the slag from the allegedly prohibited area was "surface mining" which requires a DER permit, and since appellee did not have a permit for this area, it violated the lease, which required appellee to abide by all DER regulations and Pennsylvania laws. In contrast, the trial court found Molag did not engage in "surface mining" in violation of DER regulations since 52 P.S. § 3303 Definitions, exempts handling or processing slag on the premises of a manufacturer. Specifically, "[t]he term (surface mining) does not include any of the following: ... (3) The handling, processing, or storage of slag on the premises of a manufacturer as a part of the manufacturing process." 52 P.S. § 3303(3) "Surface mining." The plain language of the statute clearly exempts the activity engaged in by appellee. However, to support its contention, appellant relies on the expert testimony of a Pennsylvania DER inspector's supervisor.

The DER official was called to testify regarding the statute in question. His testimony was based on the premise that slag from the manufacturing process which sits for a predetermined period of time in a pile ceases to be considered such and thus requires a DER mining permit. However, the official could point to no statute or regulation to support his premise. He simply relied on a general understanding among DER officials. Furthermore, the official testified that appellee was never cited by the DER for any violations.

In a nonjury trial, the trial judge sits as the finder of fact. In a case such as this, where the credibility of a witness is at issue, the weight to be assigned the testimony of the witness is within the exclusive province of the fact-finder. *Smith v. Shaffer*, 511 Pa. 421, 515 A.2d 527 (1986). The trial court, as sole assessor of credibility, may believe all, part or none of the evidence presented. *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778 (1992). From the record, it is apparent

the trial court found the expert's testimony not persuasive and, therefore, of little assistance. Accordingly, we find the trial court did not abuse its discretion in finding a permit was not required to remove the slag, and the lease was not breached in this respect.

■ Climax also argues appellee has failed to prove any actual damages. Appellant contends the alleged damages are mere conjecture and speculation as appellee presented no evidence of contracts for the sale or use of the slag nor that it bid and lost contracts for which the slag was to be used.

The determination of damages is a factual question to be decided by the fact-finder. This duty of assessing damages is within the province of the fact-finder and should not be interfered with unless it clearly appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence. The fact-finder must assess the worth of the testimony, by weighing the evidence and determining its credibility, and by accepting or rejecting the estimates of the damages given by the witnesses. In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence.

*Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 117–18, 464 A.2d 1243, 1257 (1983).

Generally, under Pennsylvania law, damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. Although the law does not command mathematical precision from the evidence in finding damages, sufficient facts must be introduced so that the court can arrive at an intelligent estimate without conjecture. Where the amount of damage can be fairly estimated from the evidence, the recovery will be sustained even though such amount cannot be determined with entire accuracy. It is only required that the proof afford a reasonable

basis from which the fact-finder can calculate the plaintiff's loss.

*Id.* at 119, 464 A.2d at 1257–1258 (citations omitted). In the instant case, the trial judge, sitting as the trier of fact, awarded appellee $397,150 based on the remaining years of the contract, a minimum removal requirement stated in the contract, and an average quantity of slag removed over the previous five years. Using these figures, the court performed a detailed computation for replacement costs using fair market values. Accordingly, we find these computations not to be speculative or conjecture. Furthermore, according to the record, appellee did not make contracts to sell the slag, but made contracts for paving in which the slag was used. In this respect, appellee had shown that it had used all of the previous slag removed from the lease premises. Accordingly, it is entitled to damages for the additional costs of replacing the slag which appellant no longer will supply.

Finding appellant's arguments devoid of merit, we affirm the judgment of the trial court.

Judgment affirmed.