**AIRCRAFT GUARANTY CORPORATION,**
Plaintiff,

v.

**STRATO-LIFT, INC. and Kenneth F. Goodrich, d/b/a K.F. Goodrich Associates, Inc., Defendants,**

v.

**Bernard VAN MILDERS and Bernard Van Milders, b.v., Defendants on the Counterclaim.**

Civil Action No. 96–5513.

United States District Court,
E.D. Pennsylvania.

Jan. 26, 1998.

B. Edward Williamson, J.W. Beverly, Dow, Cogburn & Friedman, P.C., Houston, TX, Anthony L. Marchetti, Jr., Hunt & Scaramella, P.C., Cherry Hill, NJ, for Plaintiff.

Richard G. Placey, Richard M. Donaldson, Mongomery, McCracken, Walker & Rhoads, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Presently before the Court is defendants', Strato–Lift, Inc. ("SLI") and Kenneth F. Goodrich d/b/a K.F. Goodrich Associates, Inc.'s ("Goodrich"), motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on plaintiff's, Aircraft Guaranty Corp.'s ("AGC"), remaining breach of contract claim, for which plaintiff seeks to recover damages under the Uniform Commercial Code ("UCC"), 13 Pa.C.S.A. § 1101, *et seq.*

For the following reasons, defendants' motion is denied.

## BACKGROUND

The facts regarding the negotiations resulting in the contract for the sale of the 1993 Cessna Citation II, Serial Number 552-0725 (the "725 Aircraft") at issue in this case and the identity of the parties involved in this transaction have been set forth in detail in two previous opinions of this Court, thus familiarity with these facts is assumed. *See Aircraft Guaranty Corp. v. Strato-Lift, Inc. and Kenneth F. Goodrich d/b/a K.F. Goodrich Associates, Inc.*, 974 F.Supp. 468 (E.D.Pa.1997) (motion to dismiss for lack of personal jurisdiction) and 951 F.Supp. 73 (E.D.Pa.1997) (motion to dismiss the claim for attorney's fees). Only the facts pertinent to the breach of the contract and any pertinent procedural history will be discussed here.

According to the December 27, 1995 letter agreement among the parties, which forms the contract for sale at issue, plaintiff agreed to purchase the 725 Aircraft provided that the aircraft successfully complete a prepurchase inspection. The aircraft was transported to the AMR Combs facility in Birmingham, Alabama, supposedly a "disinterested" inspection site, to undergo this prepurchase inspection. While the aircraft was at this facility, a dispute erupted between the parties as to the scope of the inspection and as to the nature of the relationship between plaintiff and this facility.[1] Prior to resolution of the dispute, defendants removed the aircraft from the Alabama facility and relocated it to another facility in Pennsylvania. Following completion of the inspection and necessary repairs, which were performed at the Pennsylvania facility, defendants offered the aircraft to plaintiff at a higher price.

Plaintiff did not accept defendants' higher offer, nor did plaintiff purchase another aircraft in place of the 725 Aircraft. Instead, in April, 1996, plaintiff filed a complaint in a Texas state court seeking specific performance or, in the alternative, damages for breach of contract. The action was removed to federal court in the Southern District of Texas and ultimately transferred to this Court. *See Aircraft Guaranty*, 974 F.Supp. at 469-71 (discussing the initial filing, the removal, and the transfer to this district). Since initiation of these proceedings, defendants have sold the aircraft to another buyer, and plaintiff has maintained this action for damages resulting from the breach of contract.

Both parties have assumed that Pennsylvania law applies to this transaction; thus it is unnecessary for this Court to engage in a conflicts of law analysis.[2]

## I. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Anderson*, 477 U.S. at 249). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reason-

---

1. The dispute as to the scope of the inspection centered on the parties' differing understanding of the pervasiveness of the term "prepurchase inspection." Defendants also questioned whether the AMR Combs facility was disinterested due to prior dealings between plaintiff and this inspection site.

2. Both parties are also in agreement that the law of Pennsylvania and Connecticut does not differ on the questions presented. *See Aircraft Guaranty*, 951 F.Supp. at 78 (discussing applicability of either Pennsylvania or Connecticut's law).

able inferences must be drawn in favor of the non-moving party. *Id.* at 256. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## II. Duty to Mitigate Damages

Defendants move for summary judgment on plaintiff's remaining claim arguing that upon the alleged breach plaintiff had a duty to mitigate damages and failed to uphold this duty. Defendants argue that plaintiff could only have mitigated damages by purchasing another aircraft, which plaintiff admits it did not do. (Def.'s Mem. at 20–21). Therefore, defendants argue, there is no genuine issue of material fact as to whether plaintiff satisfied the duty to mitigate.

Plaintiff responds that this is a contract for the sale of goods which falls under the UCC. Plaintiff further argues that the UCC does not require a duty to mitigate as the appropriate measures of damages when a seller breaches are outlined in §§ 2712 and 2713. *See* 13 Pa.C.S.A. §§ 2711, 2712 & 2713. Plaintiff is seeking to recover the market price less the contract price as provided in § 2713, which does not explicitly require mitigation. Plaintiff further seeks all other damages flowing from the breach of contract provided for under § 2715. *See* 13 Pa.C.S.A. § 2715 (incidental and consequential damages); (Pl.'s First Amended Complaint at ¶ 13).

We first note that this sales contract is within the UCC as the aircraft, which is the subject matter of the contract, falls under the definition of goods in 13 Pa.C.S.A. § 2105.[3] Where the seller has repudiated or breached, the UCC provides for two measures of damages: cover price less contract price or market price less contract price, plus incidental or consequential damages. *See* 13 Pa.C.S.A. §§ 2712, 2713, & 2715. However, the UCC does not completely obviate the general duty to mitigate damages.[4] *See Carl Beasley Ford, Inc. v. Burroughs Corp.*, 361 F.Supp. 325 (E.D.Pa.1973) (discussing duty to mitigate in sales contract under UCC); *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331, 1333 (E.D.Pa.1971) (discussing retention of common law in contracts where not directly superseded by UCC); *see also* 13 Pa.C.S.A. § 1103 (common law supplements UCC where not specifically displaced).

As a general proposition of contract law, the Pennsylvania Supreme Court "has held that a plaintiff's duty to mitigate its damages arises upon the defendant's breach of the contract." *Koppers Company, Inc. v. Aetna Casualty and Surety Co.*, 98 F.3d 1440, 1448; *see also Toyota Industrial Trucks U.S.A., Inc. v. Citizens National Bank of Evans City*, 611 F.2d 465, 471 (3d Cir.1979) (stating duty to mitigate "has been recognized ... by the Pennsylvania courts"); *Turner Construction Co. v. First Indemnity of America Insurance Co.*, 829 F.Supp. 752, 761 (E.D.Pa. 1993) (" 'a party who suffers a loss due to a breach of contract has a duty to make reasonable efforts to mitigate his losses' ") (quoting *State Public School Bldg. Authority v. W.M. Anderson Co.*, 49 Pa.Cmwlth. 420, 410 A.2d 1329, (1980)).

---

**3.** Imbedded in their reply to plaintiff's response to defendants' motion for summary judgment, defendants also argue that the agreement cannot come within the UCC as the letter contract in this case is "illusory." However, this question is one of material fact that is in dispute and, thus, must be resolved by the fact finder. *See Bethlehem Steel Corp. v. Litton Industries*, 507 Pa. 88, 488 A.2d 581 (1985).

**4.** Plaintiff asserts that § 2713, which provides for fair market value less the contract price, does not require a duty to mitigate. *See generally* 4A Anderson, UNIFORM COMMERCIAL CODE, § 2–713:46

(3d Ed.1997) ("When the buyer seeks to recover only the direct damages of the difference between the market price and the contract price, as authorized by UCC § 2–713, it is immaterial that the buyer had failed to mitigate damages, as that becomes relevant only when the recovery of consequential damages is sought."); White and Summers, UNIFORM COMMERCIAL CODE, § 6–7 (2d Ed.1980). However, it is presently unnecessary for this Court to make that distinction as plaintiff also seeks damages under § 2715 for incidental and consequential damages.

■ Mitigation is an affirmative defense which must be pled by a defendant. *Koppers*, 98 F.3d at 1448. In order to prove a failure to mitigate, a defendant must establish: "(1) reasonable actions the plaintiff ought to have taken, (2) that those actions would have reduced the damages, and (3) the amount by which the damages would have been reduced." *Id.*

■ In determining whether a plaintiff has acted appropriately to mitigate damages, the test to be applied is one of reasonableness. *Toyota*, 611 F.2d at 471. The fact finder must determine whether plaintiff's actions, in the face of the breach, were reasonable considering "all the facts and circumstances." *Id.; see also Contractor Industries v. Zerr*, 241 Pa.Super. 92, 359 A.2d 803 (1976) (stating that "[t]he rule that a party cannot recover damages from a defaulting defendant which could have been avoided by the exercise of reasonable care and effort is applicable to all types of contracts. The question presented is one of fact." (internal citations omitted)); 4A Anderson, UNIFORM COMMERCIAL CODE § 2:715:42 (3d Ed.1997).

■ Further, the duty to mitigate is not necessarily an absolute defense, but rather concerns the amount of damages a plaintiff can recover. "[T]he amount recoverable by the damaged party must be reduced by the amount of losses which could have been avoided by that party's reasonable efforts to avoid them." *Turner*, 829 F.Supp. at 761; *see also S.J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524, 528, n. 5 (3d Cir.1978); Farnsworth, CONTRACTS § 12.12 (2d Ed.); and 5 CORBIN ON CONTRACTS § 1039. Thus, the duty to mitigate functions as a tool for a defendant to lessen a plaintiff's recovery. The question of how much, if any, a plaintiff's recovery should be reduced due to a failure to mitigate, like the question of the reasonableness of a plaintiff's behavior in the face of the breach, is one of fact.

■ Thus, the questions presented are disputed questions of material fact.[5] Therefore, defendants' motion is denied.

## III. Speculative Nature of Damages

Defendants also seek summary judgment arguing, on two separate bases, that the nature of plaintiff's claims for damages is too speculative to allow recovery. Defendants first suggest that plaintiff's damages are speculative because plaintiff has pointed to no specific out of pocket expenses, i.e. "cover" costs. Second, defendants argue that plaintiff's expert's estimation of the fair market value of the aircraft as well as plaintiff's expert's methodology in coming to his conclusion are too speculative. (Def.'s Mem. at 22–25).

Plaintiff, in responding to defendants' first contention, argues that it is relying on § 2713 of the UCC, which provides for market price less the contract price as a valid measure of damages. Accordingly, plaintiff argues, it is unnecessary to show cover costs or other costs when using this measure of damages. Plaintiff responds to defendants' second claim by arguing that in determining the fair market value of the 725 Aircraft its expert reviewed the information concerning the condition of this specific aircraft along with various publications and other sources of information regularly used, recognized, and relied upon in his business.

■ Defendants are correct in noting that "a jury may not award damages on the basis of speculation and conjecture." *Carroll v. Philadelphia Housing Authority*, 168 Pa. Cmwlth. 275, 650 A.2d 1097, 1100 (1994). *See also Blanche Road Corp. v. Bensalem Township*, 57 F.3d 253 (3d Cir.1995); *Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 891, 895 (3d Cir.1975); *Ballantine v. Central R. of New Jersey*, 460 F.2d 540, 544 (3d Cir.1972). Under Pennsylvania law, "[d]amages are

5. Defendants cite two cases in support of their position that a failure to mitigate damages precludes recovery. *See Windsor Securities, Inc. v. Hartford Life Insurance Co.*, 986 F.2d 655 (3d Cir.1993) and *Cronan v. Castle Gas Company, Inc.*, 354 Pa.Super. 381, 512 A.2d 1 (1986). The trial courts in both of these cases precluded recovery due to a failure of the plaintiff to mitigate damages. However, these cases are distinguishable from the instant case because in each case the trial court was sitting as fact finder when they made their determination to preclude recovery. This Court is not presently the fact finder.

speculative if the uncertainty concerns the fact of damages not the amount." *Carroll,* 650 A.2d at 1100. If the uncertainty concerns only the amount of damages, summary judgment is inappropriate. *Id.*

■ On the other hand, Pennsylvania courts have made it clear that when determining the amount of damages, there need not be " 'mathematical certainty, but only reasonable certainty, and evidence of damages may consist of probabilities and inferences.' " *Molag, Inc. v. Climax Molybdenum Co.,* 431 Pa.Super. 569, 637 A.2d 322, 324 (1994) (quoting *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Super. 90, 464 A.2d 1243, 1257–58 (1983)).

■ With respect to defendants' first argument, the UCC allows for market price less the contract price as a measure of damages; therefore, defendants are incorrect in asserting that in order to prove the *fact* of damages plaintiff needs to show cover costs or other "actual" costs. To the contrary, what must be shown under that section is the fair market value. *See* 13 Pa.C.S.A. §§ 2713 & 2723.

■ Defendants' arguments concerning the amount of plaintiff's expert's estimation of the fair market price of the aircraft and the methods by which plaintiff's expert came to this conclusion concern both the credibility of the expert and the amount of damages suffered by plaintiff. These are both questions of fact. *See Duquesne Light v. Woodland Hills School District,* 700 A.2d 1038, 1047 (Pa.Cmwlth.1997) (expert's credibility is jury question); *Molag, Inc.,* 637 A.2d at 324 (expert's credibility and amount of damages are jury questions); *Miller Oral Surgery, Inc. v. Dinello, D.M.D.,* 416 Pa.Super. 310, 611 A.2d 232, 236 (1992) (determination of damages is fact question).

■ Thus, as there exists no question as to the fact of damages but only a factual question as to the amount of damages, defendants' motion for summary judgment based on the speculative nature of plaintiff's damages is denied.

IV. *Conclusion*

An appropriate Order follows.

### ORDER

AND NOW, this 26th day of January, 1998, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED that for the reasons set forth in the foregoing Memorandum the Motion is DENIED.