Jose M. TERRONES, individually, and Villa Tarasca, Inc., a Colorado corporation, Plaintiffs–Appellants,

v.

Abel J. TAPIA, P.E., individually; Abel Engineering Professionals, Inc., Gary H. Anzuini, P.A., individually; Anzuini Associates Architects; and Ernest Pino d/b/a Pino Construction, Defendants–Appellees.

No. 97CA1586.

Colorado Court of Appeals, Div. V.

Oct. 1, 1998.

Mullans, Piersel & Reed, P.C., Shannon Reed, Pueblo, for Plaintiffs–Appellants.

White and Steele, P.C., John M. Lebsack, Robert R. Carlson, A.W. Victoria Jacobs, Denver, for Defendants–Appellees Abel J. Tapia, P.E., individually and Abel Engineering Professionals, Inc.

Radakovich & Eyler, P.C., Deborah R. Eyler, Pueblo, for Defendants–Appellees Gary H. Anzuini, P.A., individually and Anzuini Associates Architects.

Harris, Karstaedt, Jamison & Powers, A. Peter Gregory, Englewood, for Defendant–Appellee Ernest Pino.

Opinion by Judge TAUBMAN.

In this action for negligence and breach of contract relating to the construction of a restaurant, plaintiffs, Jose M. Terrones and Villa Tarasca, Inc., appeal the summary judgment entered in favor of defendants, Abel J. Tapia, P.E. (Tapia); Abel Engineering Professionals, Inc. (Abel); Gary H. Anzuini, P.A., and Anzuini Associates Architects (collectively Anzuini); and Ernest Pino d/b/a E. Pino Construction (Pino). We affirm in part, reverse in part, and remand with directions.

Plaintiffs commenced this action claiming negligence against all defendants and breach of contract against defendants Tapia and Abel. The complaint alleged that plaintiffs had retained the services of defendants Abel and Tapia to design and build a Mexican restaurant that was to include a drive-through window on the building's east side. The complaint further alleged that, as a result of defendants' negligence and breach of contract, the restaurant was built too close to existing roads, and, as a result, local and state government agencies prohibited plaintiffs from using the drive-through window. Thus, plaintiffs alleged, they and their customers were unable to use the drive-through window and their restaurant has been forced to operate without a permanent certificate of occupancy. Plaintiffs further alleged that because they could not use the drive-through window, they suffered a substantial loss of business and lost income.

Plaintiffs sought damages for loss of income from the drive-through, and for prospective costs of relocating the drive-through to another portion of the building. On their negligence claims, plaintiffs also sought damages for anxiety, mental anguish, and inconvenience.

Pino filed a motion for summary judgment, arguing that the economic loss rule precluded plaintiffs from recovering against him under

a theory of negligence: Shortly thereafter, Tapia and Abel moved for summary judgment on the grounds that plaintiffs' alleged damages were entirely speculative. Pino later joined in that motion. Plaintiffs filed a combined response to the summary judgment motions, but, in their response, they did not file an affidavit pursuant to C.R.C.P. 56(f) requesting a continuance to obtain affidavits, to take additional depositions, or to pursue further discovery in order to respond more completely to the summary judgment motions.

The trial court chose to address the summary judgment motions on the basis of the assertion that damages were speculative. The court first determined there were "genuine issues of fact as to the fact of damages," i.e., whether plaintiffs had sustained damages. However, it concluded that plaintiffs had presented only speculative evidence concerning the amount of damage incurred and that there was no factual dispute "as to whether there is a reasonable basis for computation of a fair approximation of the loss sustained." Consequently, the trial court granted summary judgment in favor of all defendants and dismissed the action.

## I. Breach of Contract Claim

Plaintiffs contend the trial court erred in granting summary judgment in favor of Abel and Tapia on the basis that plaintiffs' damages were speculative. We agree in part.

Summary judgment is a drastic remedy and is warranted only upon a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Greenwood Trust Co. v. Conley*, 938 P.2d 1141 (Colo.1997).

The moving party has the initial burden to show that there is no genuine issue of material fact. *See Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987). When a party moves for summary judgment on an issue upon which that party would not bear the burden of persuasion at trial, the moving party's initial burden of production may be satisfied by showing an absence of evidence in the record to support the non-moving par-

ty's case. *Casey v. Christie Lodge Owners Ass'n*, 923 P.2d 365 (Colo.App.1996).

Once the moving party has met its initial burden of production, the burden shifts to the nonmoving party to establish that there is a triable issue of fact. *See Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). The nonmoving party must receive the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts. *Tapley v. Golden Big O Tires*, 676 P.2d 676 (Colo.1983). All doubts as to whether an issue of fact exists must be resolved against the moving party. *See Dominguez v. Babcock*, 727 P.2d 362 (Colo.1986).

### A. Damages for Lost Profits

■ Here, we must determine whether summary judgment may be granted when there are genuine issues to be resolved as to the fact of damages, but the moving party, nevertheless, establishes that no reasonable basis has been presented for computing a fair approximation of damages. As to this issue of first impression, we conclude that summary judgment is appropriate in such circumstances.

■ In a breach of contract action, a party seeking damages for future lost profits must establish with reasonable, but not necessarily mathematical, certainty both the fact of the injury and the amount of the loss. *Tull v. Gundersons, Inc.*, 709 P.2d 940 (Colo. 1985). At trial, a party must present sufficient evidence to permit the factfinder to compute a fair approximation of future loss. *Pomeranz v. McDonald's Corp.*, 843 P.2d 1378 (Colo.1993); *McDonald's Corp. v. Brentwood Center, Ltd.*, 942 P.2d 1308 (Colo. App.1997). A court may enter summary judgment precluding recovery for lost profits if a plaintiff offers only speculation or conjecture to establish damages. *See Roberts v. Holland & Hart*, 857 P.2d 492 (Colo.App. 1993).

In *Rickards v. Canine Eye Registration Foundation, Inc.*, 704 F.2d 1449 (9th Cir.), *cert. denied*, 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983), the court held that summary judgment is appropriate when a nonmoving party has neither identified expert

witnesses nor designated documents that support a basis for computing his or her damages claims. In such circumstances, there is no competent or relevant evidence from which a jury could fairly estimate damages. We agree with the reasoning in *Rickards*. The purpose of a summary judgment, to pierce the allegations of the pleadings and allow for prompt adjudication of disputes, is served by allowing the *Pomeranz* rule to apply in summary judgment proceedings in such circumstances. *But see Aircraft Guaranty Corp. v. Strato–Lift, Inc.*, 991 F.Supp. 735 (E.D.Pa.1998) (under Pennsylvania law, if uncertainty concerns only the amount of damages, summary judgment is inappropriate).

■ Thus, we conclude that the rule of *Pomeranz v. McDonald's Corp., supra,* that a party must present sufficient evidence to compute a fair approximation of future loss, should apply in summary judgment proceedings as well as at trial.

In their summary judgment motion, Tapia and Abel noted that plaintiffs would be required to prove lost profits at trial but had failed to present evidence of any loss. Defendants submitted excerpts from Terrones' deposition in which he testified that, although he believed he had suffered considerable lost business from not being able to use the drive-through, he was uncertain as to the amount of that loss. When asked whether he was aware of an accountant or economist who would testify as to the quantity of his alleged losses, Terrones stated he was "not too sure about it yet" and that he did not know who such person might be. This deposition occurred more than two and one-half years after plaintiffs had filed their complaint.

In our view, defendants Abel and Tapia satisfied their initial burden of demonstrating an absence of evidence to support lost profit damages, and the burden thereby shifted to plaintiffs to establish a genuine issue of material fact. *See Casey v. Christie Lodge Owners Ass'n, supra.*

In their response, plaintiffs attached deposition testimony of Terrones in which he estimated that he had lost between $40,000 and $50,000 per year because the drive-through was not operational. However, that estimate was based solely upon hearsay statements from alleged restaurant owners in California with operating drive-through windows. *See* C.R.C.P. 56(e) (party opposing summary judgment must show by affidavit or otherwise, setting forth such specific facts as would be admissible in evidence, that there is genuine issue for trial); *People v. Hernandez & Associates, Inc.*, 736 P.2d 1238 (Colo.App. 1986) (affidavits based on inadmissible hearsay are insufficient to support summary judgment).

Plaintiffs also attached deposition testimony from the restaurant's manager who testified that the restaurant could increase sales by 30 or 35 percent if the drive-through were operational. However, he offered no data or other support for this figure. More importantly, plaintiffs presented no evidence of their profit margins, if any. Consequently, the evidence of hypothetical increased sales was, by itself, insufficient to create a genuine issue of fact as to any measure of lost profits.

We agree with the trial court that the materials referenced by plaintiffs in their response failed to create a genuine issue of fact concerning a fair approximation of lost profit damages. Thus, summary judgment was appropriate insofar as it precluded recovery of those damages.

### B. Damages for Remodeling

■ Unlike plaintiffs' claims for lost profits, we conclude that genuine issues of fact are present concerning that part of plaintiffs' breach of contract claim for damages based upon the cost of remodeling or reconfiguring the restaurant to allow for use of a drive-through window.

In his deposition, Terrones testified that defendant Tapia himself had stated it would cost an additional $10,000 to solve the drive-through access problem. Terrones further testified that an engineer had informed him that the $10,000 figure noted by Tapia would not be sufficient. Although plaintiffs' evidence on this damage item is limited, it was sufficient to compute a fair approximation of the cost of building modifications. Accordingly, we conclude that plaintiffs raised a genuine issue of material fact as to the

amount of damages for remodeling, and thus, the trial court erred in entering summary judgment in this regard.

## II. Negligence Claim

With respect to their negligence claim, plaintiffs similarly contend that the trial court erred in granting summary judgment in favor of Abel, Tapia, Pino, and Anzuini. We disagree.

With certain exceptions not applicable here, there is no cause of action in tort for the negligent breach of contractual duty. A claim for economic loss on a contract should not be translated into a tort action to avoid some obstacle to recovery on a contract theory. *Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo.App.1988). This economic loss rule applies when the plaintiff is a party to the contract as well as when the plaintiff is a third-party beneficiary of a contract, since the duty the contract promisor owed and breached is determined by the manifested intentions of the parties to the contract and is entirely contractual.

Here, the only contract alleged in the complaint is one between plaintiffs and Abel and Tapia. Thus, under the economic loss rule, plaintiffs are precluded from seeking any economic damages against Abel and Tapia on their negligence claim.

The record is unclear as to whether plaintiffs had a contractual relationship with either Pino or Anzuini. However, during oral argument, counsel for Anzuini conceded that there was a contractual relationship between plaintiffs and Anzuini. Thus, plaintiffs are similarly precluded from seeking to recover any damages in tort against Anzuini.

Finally, because any claim against Pino is based, directly or indirectly, on a breach of contract claim, plaintiffs are barred from recovery against Pino as well under the economic loss rule.

The summary judgment is reversed insofar as it precluded plaintiffs from recovering damages against defendants Abel and Tapia for the costs of remodeling the drive-through window. The summary judgment is affirmed in all other respects, and the cause is remanded for further proceedings.

MARQUEZ and BRIGGS, JJ., concur.