**Commonwealth Financial Systems Inc. v. Hill**

*Gary I. Spivack,* for plaintiff.
*Edwin M. Matzkin,* for defendant.

SMYTHE, *J.,* July 19, 2010—This was an action to collect on credit card debt. The crux of the dispute was whether defendant, Robert C. Hill, had ever possessed and used the credit card or not. The court, after a trial without a jury, did not believe Hill's testimony that he never had the credit card nor made the charges on it upon which plaintiff Commonwealth Financial Systems, the owner by assignment of the debt, was suing, and did not know of the card or the debt until he received the complaint in this case.

Upon this court's decision after the trial that Hill owed Commonwealth $10,625.94 in satisfaction of the debt on the card, Hill filed post-trial motions. After the notes of testimony were transcribed, we entertained briefing and argument on the post-trial motions. In an order dated November 10, 2009, we denied them.

Although the order denying post-trial motions was not itself a final judgment and therefore not immediately

appealable, see Pa.R.A.P. 301 and note; Pa.R.A.P. 341(b), Hill filed a notice of appeal of the order to the Superior Court of Pennsylvania. He did not file a praecipe to enter final judgment on the order until March 17, 2010. Nor did he prove service of a copy of the notice of appeal upon our court administrator or his designee as required by Pa.R.A.P. 906(a)(4). However, as there is no indication our court administrator keeps any records or takes any action with regard to appeals taken from this court, this defect in service is of little moment.

We directed Hill to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Hill filed a statement claiming it was error for us to deny his motion for directed verdict and post-verdict motion in that plaintiff the third assignee of the alleged credit card debt originally owed Citibank—failed to meet its burden of proof in this collection action by (A) failing to produce and enter into evidence the original cardholder's agreement between Citibank and defendant or any evidence showing that defendant ever possessed a credit card from Citibank; (B) failing to produce and enter into evidence a complete statement of account itemizing the alleged debt; and (C) failing to prove the chain of custody of the debt from Citibank through two intermediate assignees to plaintiff. (Statement paras. 1-4.) The statement also complained that we erred in not ruling on Hill's motion for summary judgment. (Statement para. 5.)

We will address points (A) and (B) as set forth above together. These arguments posit that plaintiff failed to carry its burden of proof of Hill's debt on a Citibank credit card by not producing evidence of an original cardholder's agreement or a statement of account item-

izing the debt, or any evidence showing Hill ever possessed a credit card from Citibank. However, we find that the brief testimony of Hill at trial, which frankly took the court by surprise, was so inherently incredible and contradictory to his sworn statements in the pleadings and the other evidence that it in effect admitted the existence of the card and the legitimacy of the underlying debt, even without introduction of the original cardholder's agreement or statements of account.

The Superior Court's standard of review of a non-jury trial is well established. *Parker Oil Company v. Mico Petro and Heating Oil LLC,* 979 A.2d 854, 856 (Pa. Super. 2009). The Superior Court may "reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact-finder, the judge has the authority to weight the testimony of each party's witnesses and to decide which are most credible." *Id.*

"The findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner." *Levitt v. Patrick,* 976 A.2d 581, 589 (Pa. Super. 2009).

"In a non-jury trial, the trial judge sits as the finder of fact. In a case such as this, where the credibility of a witness is at issue, the weight to be assigned the testimony of the witness is within the exclusive province of the fact-finder. The trial court, as sole assessor of credibility, may believe all, part or none of the evidence

presented. *Molag Inc. v. Climax Molybdenum Company,* 431 Pa. Super. 569, 572, 637 A.2d 322, 324 (1994). (citation omitted)

Plaintiff's counsel called Hill as a witness as on cross-examination. (Bench tr. 34, May 20, 2009.) Under such examination, Hill testified he did not recall applying for or receiving the credit card from Citibank, had never used it, never received any statements, never received any letters from plaintiff or its counsel about the debt, and never heard about it until the complaint in this action was taped to his door. (Bench tr. 35-37.) This court totally disbelieved Hill's testimony on each of these points, and considered it in effect to admit the existence of the card and the underlying debt.

We especially so found in light of the statement in Hill's answer to the complaint, "It is admitted that defendant used the credit card and made periodic payments." (Answer para. 4.) Admissions in pleadings are judicial admissions and cannot be contradicted at a later date by the party who made them regardless of the method by which he seeks to contradict his prior admission. *Rizzo v. Haines,* 520 Pa. 484, 506, 555 A.2d 58, 69 (1989). Such pleadings are conclusive in the cause of action in which they are filed. *Id.*

When Hill at trial contradicted the "conclusive" admissions made in his answer that he used the credit card that was the source of the underlying debt and this action and had made periodic payments on it, he led the court to disbelieve his entire position that the card did not exist or was not used by him or that the amounts sought were not in fact due and owing. Applying the ancient Roman and now modem American legal maxim "falsus in uno,

falsus in omnibus," the court also concluded that Hill had no legitimate defense to the action or grounds for challenging the precise amount claimed to be due. Literally, the Latin phrase means "false in one thing, false in everything." Black's Law Dictionary 543 (5th ed. 1979). Practically, it means that "if testimony of a witness on a material issue is willfully false and given with an intention to deceive, [the fact-finder] may disregard all the witness' testimony." *Id.* The court found Hill's willfully false denial at trial that he had ever used the card or received statements of account, rather than attempting to prove that the amounts sought were improper, inaccurate, or wrongly calculated, served to admit that he had no legitimate contest to the amounts claimed to be due in plaintiff's complaint and documentary evidence submitted at trial.

In the related context of debt on a mortgage, the Superior Court has stated, "general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts," *First Wisconsin Trust Company v. Strausser,* 439 Pa. Super. 192, 199, 653 A.2d 688, 692 (1995), as "[u]nquestionably, apart from [the creditor], [debtors] are the only parties who would have sufficient knowledge on which to base a specific denial," *id.* at 200, 653 A.2d at 692, and "reliance upon [Pa.R.C.P. 1029(c)] does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not." *Id.* at 200, 653 A.2d at 692. Similarly, here, Hill's failure either to admit or to deny the validity of the credit card debt plaintiff sought to recover, and choice instead to deny the existence of the credit card

altogether, in this court's view admitted that the amounts sought were correct.

To establish the proposition that a creditor must produce a cardholder's agreement and statements of account to carry the burden of proving credit card debt, defendant relied heavily in post-trial motions on *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003), and *Worldwide Asset Purchasing LLC v. Stern,* 153 Pitts. Leg. J. 111 (Allegheny Cty. 2004). Those cases dealt with the requirement of Pa.R.C.P. 1019(i) to attach to a complaint the writings upon which a credit card collection claim was based. Each decision determined preliminary objections under Pa.R.C.P. 1028, or, in the case of *Giuliana,* preliminary objections proposed as a meritorious defense to the underlying claim after the creditor took judgment by default in the collection action. The decisions sustained preliminary objections to the sufficiency of the complaints, and allowed them to be amended.

Here, however, Hill did not preliminarily object to the complaint to test its sufficiency. Rather, he filed an answer to the complaint on the merits, therein admitting use of the credit card and the making of periodic payments on it. (Answer para. 4.) The case has now gone to trial, and Hill presented testimony the court found to be willfully deceptive and contradictory to the admissions he made in the answer. Any objections to the sufficiency of the complaint are long since water under the bridge, and are waived. See Pa.R.C.P. 1028(b); see also, *Connor v. Allegheny General Hospital,* 501 Pa. 306, 311 n.3, 461 A.2d 600, 603 n.3 (1983).

Defendant also cited *Giuliana* in support of the argument captioned under (C) above, an assertion plaintiff

failed to show the chain of possession of the debt from Citibank through two intermediate assignees to plaintiff. Again, *Giuliana* arose at the stage of preliminary objections. Here, the parties presented evidence at trial, and the court found plaintiff's testimony and documentary evidence to have adequately established the chain of possession of the credit card account and tied it to defendant. (Bench tr. 16-21.)

Hill's final argument on appeal is that the court should have addressed his pretrial motion for summary judgment. Having conducted a full trial, at which the court found the evidence sufficient to establish plaintiff's claim, we now find the motion for summary judgment to be likewise moot.

Moreover, Hill never properly presented his motion for summary judgment for disposition by the court. The Pennsylvania rule governing summary judgment provides, "After the relevant pleadings are closed, *but within such time as not to unreasonably delay trial,* any party may move for summary judgment in whole or in part as a matter of law . . . ." Pa.R.C.P. 1035.2. (emphasis added) The rules also specify, "Every court shall promulgate a local rule, numbered Local Rule 1035.2(a), which describes the court's procedures for the disposition of motions for summary judgment and which (1) shall set forth the manner in which motions for summary judgment are scheduled, argued and decided . . . ." Pa.R.C.P. 239.7(1). Our local rule promulgated pursuant to the Pennsylvania rule provides, "After filing of respondent's answer [to a motion for summary judgment] and/or the completion of discovery, any party may file with the prothonotary, in duplicate, a praecipe for argument in the form set forth herein, including a certification that a copy

thereof has been served upon all other parties." Mont. Cty. C.C.R. 1035.2(a)(3). Defendant filed his motion for summary judgment in December 2008 and plaintiff answered in January 2009. However, neither party filed a praecipe for argument on the motion under the local rule until March 24, 2009. By that time, the court administrator had already, on March 20, 2009, sent notice that the case was placed on the trial list for May 4, 2009. Then, on May 14, the court administrator entered an order scheduling the matter for trial before the undersigned May 20, 2009. At that point, when the court took up the case to be heard the morning of the 20th, consideration of the motion for summary would have unreasonably delayed trial. The question to be answered now is the sufficiency of the evidence presented at trial, not the sufficiency of the response to the motion for summary judgment. As discussed previously, we found the evidence at trial sufficient to prove plaintiff's claim of money owed by defendant on his Citibank credit card account, which he denied even existed despite ample evidence and his own judicial admission to the contrary. We did not err in not deciding the motion for summary judgment the morning of trial.

We respectfully suggest the Superior Court review and affirm our decision after non-jury trial that defendant Robert Hill owed the money claimed to be due by plaintiff, assignee of his credit card account with Citibank. We were somewhat taken aback and bewildered by defendant's testimony at trial that he had never applied for, used, or received statements on the account, despite the judicial admissions in his answer to the contrary. However, we considered the testimony at trial to have shown him to lack credibility on every issue addressed at trial, including the existence of the account, his knowledge of

it and use of the card, and the legitimacy and accuracy of the amounts claimed to be due and owing on the account.